UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY KNOWN AS 25333 121ST PLACE SE, KENT, WASHINGTON, TOGETHER WITH ALL APPURTENANCES, FIXTURES, ATTACHMENTS, AND IMPROVEMENTS, THERETO AND THEREUPON,<br><br>Defendant. | NO. CV24-1808<br><br>**VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

## I.    NATURE OF THE ACTION

1.    This is a civil action *in rem* for forfeiture of the following real property (the "Defendant Property"):

Real Property Known as 25333 121st Place SE, Kent, Washington, Together With All Appurtenances, Fixtures, Attachments, and Improvements, Thereto and Thereupon.

Legal Description:

Verified Complaint for Forfeiture *in Rem* - 1
*United States v. Real Property in Kent, Washington.*

LOT 15, MEADOW HILLS, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 114 OF PLATS, PAGE(S) 43 AND 44, IN KING COUNTY, WASHINGTON.

SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

Parcel No. 541230-0150

2.      The listed owners of the Defendant Property are Matelita A. Jackson and Mandel Jackson. According to publicly available documents, they purchased the Defendant Property on or about July 21, 2017.

## II.      LEGAL BASIS FOR FORFEITURE

3.      The Defendant Property is forfeitable pursuant to 21 U.S.C. § 881(a)(7) for violations of 21 U.S.C. §§ 841(a)(1) (unlawful manufacture and possession with intent to distribute controlled substances) and 846 (conspiracy to manufacture marijuana). Specifically, counsel for the United States has a reasonable belief the government will be able to prove, to a preponderance of the evidence at trial, that the Defendant Property was "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment." *See* 21 U.S.C. § 881(a)(7).

## III.      JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and has jurisdiction over an action for forfeiture under 28 U.S.C. § 1355(a).

5.      This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district.

Verified Complaint for Forfeiture *in Rem* - 2
*United States v. Real Property in Kent, Washington.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7.      Pursuant to 18 U.S.C. § 985(a) and Supplemental Admiralty and Maritime Claims Rule G(3)(a) of the Federal Rules of Civil Procedure, all civil forfeiture of real property and interests in real property shall proceed as judicial forfeitures.

8.      Pursuant to 18 U.S.C. § 981(f), all right, title, and interest in the Defendant Property vests in the United States at the time of the acts giving rise to the forfeiture.

9.      Pursuant to Rule G(2)(f) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, facts in support of a reasonable belief that the United States will be able to meet its burden of proof at trial are as follows and have been verified as set forth in the attached Verification of Federal Bureau of Investigation (FBI) Special Agent Shawna McCann.

## IV.    APPLICABLE STATUTES

10.     Pursuant to 21 U.S.C. § 841(a)(1), it is unlawful to knowingly manufacture, or to possess with the intent to distribute, controlled substances.

11.     Pursuant to 21 U.S.C. § 846, it is unlawful to conspire to commit any offense defined in the same subchapter of Title 21, which includes violations of 21 U.S.C. § 841(a)(1).

12.     Marijuana is presently a Schedule I drug under federal law.[1]

13.     Pursuant to 21 U.S.C. § 841(b)(1)(A), in the case of a violation of § 841(a)(1) involving 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 1,000 or more marijuana plants regardless of weight, shall be sentenced to a term of imprisonment which may not be less than ten years or not more than life.

14.     Pursuant to 21 U.S.C. § 841(b)(1)(B), in the case of a violation of § 841(a)(1) involving 100 kilograms or more of a mixture or substance containing a

---

[1] On May 16, 2024, the Department of Justice proposed transferring marijuana to Schedule III. *See* https://www.dea.gov/sites/default/files/2024-05/Scheduling%20NPRM%20508.pdf.

Verified Complaint for Forfeiture *in Rem* - 3
*United States v. Real Property in Kent, Washington.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  detectable amount of marijuana, or 100 or more marijuana plants regardless of weight,

2  shall be sentenced to a term of imprisonment which may not be less than five years and

3  not more than 40 years.

4    15.    Pursuant to 21 U.S.C. § 841(b)(1)(C), in the case of a violation of

5  § 841(a)(1) involving a controlled substance in Schedule I or II, the maximum term of

6  imprisonment is not more than 20 years, except as provided in §§ 841(b)(1)(A), (B), or

7  (D).

8    16.    Pursuant to 21 U.S.C. § 841(b)(1)(D), in the case of less than 50 kilograms

9  of marijuana, except in the case of 50 or marijuana plants regardless of weight, the

10  maximum term of imprisonment is not more than five years.

11    17.    Pursuant to 21 U.S.C. § 881(a)(7) , "[a]ll real property, including  any right,

12  title, and interest (including any leasehold interest) in the whole of any lot or tract of land

13  and any appurtenances or improvements, which is used, or intended to be used, in any

14  manner or part, to commit, or to facilitate the commission of, a violation of this

15  subchapter punishable by more than one year's imprisonment." *See* 21 U.S.C.

16  § 881(a)(7).

## V.    FACTS ESTABLISHING FORFEITURE NEXUS

17

18  **A.    Overview of Investigation**

19    18.    This civil forfeiture case arises out of two separate investigations into the

20  Jackson family drug trafficking organization (Jackson DTO) that eventually merged into

21  one joint investigation led by the Federal Bureau of Investigation (FBI), the Drug

22  Enforcement Administration (DEA), and other federal and local law enforcement

23  agencies. Through source reporting, the initial FBI investigation identified Marquis

24  Jackson as a major regional supplier of fentanyl into the Western District of Washington

25  and elsewhere. Simultaneously, separate source reporting for the DEA identified Markell

26  Jackson (Marquis Jackson's half-brother) as a major supplier of fentanyl pills into Lummi

27  tribal lands and the surrounding Bellingham area.

Verified Complaint for Forfeiture *in Rem* - 4
*United States v. Real Property in Kent, Washington.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19.    Marquis Jackson was identified as a member of the 44 Holly street gang in the Seattle, Washington area, which is a local subset of the Crips gang. Agents suspect that several other members of the DTO are connected to the 44 Holly street gang.

20.    Mandel Jackson, who is the father of Marquis Jackson and Markell Jackson, is a Seattle-area redistributor for the Jackson DTO and an advisor to his sons regarding their drug trafficking activities. Matelita Jackson, who is sometimes referred to as Marty Jackson, is married to Mandel Jackson and is the mother of Marquis Jackson. Matelita Jackson knowingly assisted the Jackson DTO by laundering drug proceeds using her financial accounts to conduct pass-through transactions on behalf of Markell and Marquis Jackson in order to obscure and obfuscate the source of those illicit funds. Additionally, Matelita Jackson laundered the drug proceeds of the Jackson DTO by making structured cash deposits used to avoid bank reporting requirements.

21.    During this investigation, agents received Court authorization for Title III wire interceptions for five separate telephones, with interceptions occurring between June and September 2024. Interception of a phone used by Mandel Jackson, (206) 883-0376 (referred to as TT18), was authorized by a Court order dated August 5, 2024, and ended on September 3, 2024.

22.    On September 25, 2024, a federal grand jury in the Western District of Washington returned an Indictment charging 14 members of the Jackson DTO:  Mandel Jackson, Marquis Jackson, Markell Jackson, Michael Young, and others, were charged with *Conspiracy to Distribute Controlled Substances*, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and Matelita Jackson, Marquis Jackson, and Markell Jackson, and others, were charged with *Conspiracy to Commit Money Laundering*, in violation of 18 U.S.C. § 1956(h) (Count 2), in *United States v. Marquis Jackson, et al.*,

Verified Complaint for Forfeiture *in Rem* - 5
*United States v. Real Property in Kent, Washington.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  CR24-164-JNW, Dkt. No. 1. A Superseding Indictment was returned on October 10,

2  2024. Dkt. No. 128.

3      23.     Law enforcement conducted coordinated arrests and searches on

4  October 2, 2024, across multiple states, seizing large quantities of controlled substances

5  and numerous firearms. As discussed in greater detail below, one of the locations

6  searched was the Defendant Property.  During that search, investigators located an indoor

7  marijuana grow and two outdoor marijuana grows.

8  **B.    Illegal Manufacture of Marijuana at the Defendant Property**

9      24.     According to property records, Mandel Jackson and Matelita Jackson

10  purchased the Defendant Property on or about July 21, 2017, for $330,000. Utilities

11  records showed that from March 4, 2024, to April 26, 2024, Matelita Jackson was the

12  account holder, and from April 27, 2024, to September 5, 2024 (the date the records were

13  produced via subpoena), the account holder was an individual with the initials D.R., with

14  a listed contact phone number ending in -2510. D.R. is further discussed below.

15      25.     Despite the change in accountholder for utilities at the Defendant Property

16  in April of 2024, Mandel Jackson and Matelita Jackson continued to use the Defendant

17  Property as a secondary residence. For example, on June 18, 2024, investigators

18  conducted records checks and noted that Markell Jackson had a black 2015 Jeep Grand

19  Cherokee registered to him with a temporary license plate number of 00-035387409 and

20  a vehicle identification number of 1C4RJFDJ8FC683521. The listed address for this

21  vehicle is the Defendant Property.

22      26.     Also on June 18, 2024, investigators observed two vehicles parked in front

23  of the Defendant Property, including a gray Dodge Ram TRX pickup with Texas plates.

24  Although investigators were unable to see the plate of this truck at this time, they noted

25  that it was consistent in appearance with dark-colored Dodge Ram pickup truck with

26  Texas plates that they had previously observed Mandel Jackson. The other vehicle was a

27  white 2015 Mercedes Benz with Washington state license plate number CCV4198,

Verified Complaint for Forfeiture *in Rem* - 6
*United States v. Real Property in Kent, Washington.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  registered to an individual with the initials M.M, who is believed to be a member of the

2  Jackson DTO.

3     27.    On June 21, 2024, investigators conducted physical surveillance on Mandel

4  Jackson. Investigators observed Mandel Jackson driving a black Dodge Ram TRX truck

5  bearing Texas license plate TSJ9254[2] driving approximately one block from Mandel

6  Jackson's and Matelita Jackson's primary residence in Renton, Washington. Investigators

7  followed Mandel Jackson driving his truck to a tobacco shop in Renton, a gas station in

8  Kent, and eventually observed Mandel Jackson's truck parked at the Defendant Property.

9  Investigators observed an unknown male meeting with Mandel Jackson at the Defendant

10 Property and both this male and Mandel loading something into and/or out of Mandel's

11 truck.

12    28.    As noted above, investigators obtained Court authorization to intercept

13 TT18. Investigators identified the user of TT18 as Mandel Jackson based on intercepted

14 communications over TT18 identifying the user as "Mandel," as well as physical

15 surveillance observing Mandel Jackson, identified based on a comparison to his driver's

16 license photograph, in the vicinity of GPS location data for TT18. (Session 1768, 1817).

17    29.    Investigators intercepted Mandel Jackson (TT18) having numerous

18 conversations with phone number ending -2510,[3] associated with D.R., discussing

19 marijuana grow house operations. For example, on August 7, 2024, Mandel Jackson and

20 D.R. discussed creating a room for an inside marijuana grow, including heat lamps and

21 domes for plants. The parties discussed how "18 monster plants" would fill up the whole

22 garage. They discussed fitting 24 plants in the room wall to wall, the growth of the plants,

23 how to take care of them, and raising the plants for cloning. During their conversation,

24

25 [2] Investigators suspect this is the same truck observed at the Defendant Property based on the
   Texas license plate and make/model of the truck, despite the difference in color noted by
26 different investigators of gray versus black.
   [3] As set forth above, investigators identified the phone number ending in -2510 as used by D.R.
27 based on utility records reflecting this phone number as D.R.'s contact information. Additionally,
   law enforcement database checks show D.R. as the user of -2510.

Verified Complaint for Forfeiture *in Rem* - 7
*United States v. Real Property in Kent, Washington.*

they also mentioned strains (e.g., sour, cherry kush, and Tahoe) and the size of "root balls." They discussed moving some of the plants outside. They discussed that the plants were "looking real good." During the call, one of the speakers said, "One thing I'll say is that our weed" is "as smooth as a mother*****.' (Session 129).

30.    On August 7, 2024, investigators intercepted a call between Mandel Jackson at TT18 and Michael Young, who was using a phone ending in -8729 (TT29). (Session 139). The parties discussed the price for "weed" (marijuana). Mandel Jackson stated that he has a couple "Ps" (pounds) and had been buying it for "11 and 12" (referring to a price of $1,100 to $1,200 per pound). Young stated that they should transport the "weed" from Seattle to Oklahoma where they could sell it at a much higher price. Young stated he already had a contact in Oklahoma who has a barber shop and could sell the "weed" for them.

31.    On August 8, 2024, investigators intercepted Mandel Jackson (TT18) communicating with D.R. (phone ending in -2510). (Session 167). During this call, D.R. stated that he was getting dome lights and cubes for 20 bucks. The parties discussed the plants are "looking good," the "buds are setting in," and then discussed types of marijuana strains, including GG4, cherry pie, and sour. Mandel Jackson talked about his own recipe for a spray for the marijuana plants and stated, "five years that how I've been doing it."

32.    On August 10, 2024, investigators intercepted Mandel Jackson (TT18) and the user of a telephone ending in -0658 discussing prices (Session 427). During this call, the user of -0658 said that he needed to see Jackson tomorrow to help him move the "shit," and that Mandel Jackson needed to come by on Tuesday to do the cutting. They discussed needing to wait until October to do the cutting. The user of -0658 said he wanted to take pounds down there and that he might take "two pounds down there." They discussed prices and profits, how much to sell the stuff for, and a cousin's "clientele." They also talked about different strains.

Verified Complaint for Forfeiture *in Rem* - 8
*United States v. Real Property in Kent, Washington.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

33.    On August 12, 2024, in investigators intercepted communications between Mandel Jackson (TT18) and an individual using a phone ending in -0658 (Session 532). During this call, Mandel Jackson talked about packaging and selling various strains (Swiss watch, lemon cherry, and gelato plus). They also talked about selling marijuana in various states.

34.    On August 12, 2024, investigators intercepted communications between Mandel Jackson (TT18) and D.R. using -2510 (Session 568). During this call, the two discussed watering and caring for plants. D.R. said that he was "waiting for buds to come out" and that he was "growing purple punch" (referring to a marijuana strain).

35.    On August 17, 2024, investigators intercepted communications between Mandel Jackson (TT18) and D.R. using -2510. (Session 1010). During this call, Mandel Jackson said he went to the back to check on them today and a couple of them looked "real thirsty." D.R. stated he went yesterday but will go again tomorrow morning to water them. The parties then discuss chopping down plants to let others grow bigger since they "don't be having 40 big ass plants laying around."  Earlier that day, cell site location data for TT18 placed Mandel Jackson in the vicinity of the Defendant Property.  (Session 981). Accordingly, investigators believe Mandel Jackson is using the Defendant Property as a marijuana grow house and that he has D.R. tending to the marijuana grow for him.

36.    On August 18, 2024, investigators intercepted communications between Mandel Jackson (TT18) and Michael Young (TT29). (Session 1112). During this call, Young asked Mandel Jackson if he got "them," [fentanyl pills] and Jackson said he did not. Young said that his people [Young's supplier of fentanyl pills] couldn't get any right now. (From the context of the call, the two were discussing temporarily not have access to fentanyl pills.) Mandel Jackson said that he was "living off these greens" for now and that "they never let up." (From context, Jackson was still making money off growing and selling marijuana.)

37.     On August 31, 2024, investigators intercepted Mandel Jackson using TT18 to send the following photo of marijuana plants to another individual, who was using a phone number ending in -2339 (TT43) (Session #2104).[4] The following conversation via text conversation ensued:



TT43: O shit them looking real healthy

TT18: Fasho (for sure)

TT43: They budding

TT18: Yes

---

[4] Investigators believe that Mandel Jackson had a marijuana grow at his main residence (in addition to the Defendant Property) and that this photo was taken there.

Verified Complaint for Forfeiture *in Rem* - 10
*United States v. Real Property in Kent, Washington.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

38.     Intercepted calls also indicated that Matelita Jackson knew that Mandel Jackson was growing illegal marijuana. On September 2, 2024, investigators intercepted a call between Mandel Jackson, using TT18, and Matelita Jackson, using phone number (206) 606-3227 (referred herein as TT53), which was subscribed to her.[5]   During this call, Matelita Jackson asked Mandel Jackson if he could see the "plants" from the neighbor's house, and Mandel Jackson responded only if they looked over the fence. (Session 2154).

39.     On September 20, 2024, investigators on physical surveillance observed vehicles parked at the Defendant Property registered to Matelita Jackson (2002 black Acura MDX bearing Washington license plate 795YHH); registered to D.R. (2008 black GMC Yukon bearing Washington license plate BUC7750, 2018 Audi Q7 bearing Washington license plate CHT5820, and a 2020 Mercedes GLS bearing Washington license plate CLC2587); and M.M. (2015 Mercedes C bearing Washington license plate CCV4198).

40.     On October 17, 2024, investigators obtained a search warrant for historical cell site data for Matelita Jackson's cell phones, including TT53. Investigators conducted a review of the historical cell site data obtained from the phone company for TT53. Preliminary analysis shows TT53 was using cell towers and sectors in the vicinity of the Defendant Property on multiple occasions from January 2024 to September 2024.

**C.     Search of Defendant Property**

41.     On September 26, 2024, U.S. Magistrate Judge S. Kate Vaughan issued a search warrant for the Defendant Property.

42.     On October 2, 2024, FBI agents and other law enforcement personnel executed the search warrant of the Defendant Property. When law enforcement arrived at the Defendant Property, they encountered an adult male, identified as D.R., a female

---

[5] Investigators also recognized Matelita Jackson's voice as that of the user of TT53, based on comparison with other calls with her intercepted during this investigation.

Verified Complaint for Forfeiture *in Rem* - 11
*United States v. Real Property in Kent, Washington.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  identified as R.B., and two minor children in the residence. D.R. is the individual who

2  was intercepted in calls with Mandel Jackson, discussed above.

3       43.    During the search, investigators discovered an indoor marijuana grow,

4  processed marijuana, heat sealers, digital scales, and multiple firearms and boxes of

5  ammunition. Of the ten primary rooms in the Defendant Property (dining room, kitchen,

6  bathroom, bedroom, bedroom, office, downstairs living room, bathroom, laundry room,

7  garage), marijuana, firearms, and/or marijuana grow equipment were located in six of the

8  rooms (dining room, kitchen, bedroom, office, downstairs living room, and garage). In

9  addition, investigators discovered two marijuana grows in the backyard of the Defendant

10  Property

11       44.    In the downstairs living room of the Defendant Property, investigators

12  discovered an indoor marijuana grow. The following photographs depict the marijuana

13  grow in this room:



Verified Complaint for Forfeiture *in Rem* - 12
*United States v. Real Property in Kent, Washington.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13



14    45.    There were approximately 37 marijuana plants in the downstairs living
15  room, with an approximate weight of 1,621 gross grams (gross weight includes
16  packaging).
17    46.    In the downstairs living room, investigators also seized seven jars of
18  processed marijuana, weighing approximately 10,213.3 gross grams (including the
19  weight of the jars), depicted in the following photograph:
20  //
21  //
22  //
23
24
25
26
27

Verified Complaint for Forfeiture *in Rem* - 13
*United States v. Real Property in Kent, Washington.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12



13
14
15
16      47.      In the garage at the Defendant Property, investigators seized five jars and
17  one plastic bag of processed marijuana, weighing approximately 5,412.1 gross grams.
18  (weight includes packaging, including jars). This marijuana is depicted in the following
19  photographs:
20  //
21  //
22  //
23
24
25
26
27

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



48.     Investigators also seized a heat sealer and a scale from the garage at the Defendant Property.

49.     In the kitchen of the Defendant Property, investigators seized a jar of processed marijuana, weighing approximately 356.2 gross grams (weight includes packaging and jar). This marijuana is shown the following photograph:

//

//

Verified Complaint for Forfeiture *in Rem* - 15
*United States v. Real Property in Kent, Washington.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10



11  50.    Investigators found an outdoor grow under a tarp at the Defendant Property.

12  The following photographs depict the marijuana grow underneath the tarp, a portion of

13  which is affixed to the Defendant Property:

14
15
16
17
18
19
20
21
22
23
24
25
26
27





51.    There were approximately seven marijuana plants in the outdoor marijuana grow underneath the tarp, with a weight of approximately 2,4,615.8 gross grams.

52.    Investigators also found a marijuana grow in a greenhouse in the back corner of the backyard of the Defendant Property. The following photographs depict the marijuana grow in the greenhouse:

//

//

//

Verified Complaint for Forfeiture *in Rem* - 17
*United States v. Real Property in Kent, Washington.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27





Verified Complaint for Forfeiture *in Rem* - 18
*United States v. Real Property in Kent, Washington.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

53.    There were approximately six marijuana plants seized by investigators from the marijuana grow in the greenhouse at the Defendant Property, with an approximate weight of 12,481.3 gross grams.

54.    The photos below show the planting containers from the indoor grow and the two outdoor grows post-search; prior to the search, each of the containers contained a plant:





Verified Complaint for Forfeiture *in Rem* - 19
*United States v. Real Property in Kent, Washington.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



55.    Agents also observed numerous fans and other ventilation equipment throughout the Defendant Property, including in the dining room, bedroom, downstairs living room, and garage. Indoor marijuana grows commonly have this type of equipment. The equipment is visible in the following photos:



Verified Complaint for Forfeiture *in Rem* - 20
*United States v. Real Property in Kent, Washington.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27





Verified Complaint for Forfeiture *in Rem* - 21
*United States v. Real Property in Kent, Washington.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



56.     During the search of the Defendant Property, investigators seized multiple firearms and rounds of ammunition in the residence, a vehicle parked in the driveway at the Defendant Property, and in a large shipping container parked in the front yard at the Defendant Property, as further described below:

| Location Where Found | Description of Item(s) |
|---|---|
| Black duffel bag inside hallway closet | Smith & Wesson handgun, SD9 VE, loaded with one round in the chamber, and with a magazine containing 12 rounds; ten boxes of assorted ammunition; one magazine; and three loose rounds |
| Box inside hallway closet | Magazine with 11 rounds and magazine with 8 rounds |
| Cardboard box on floor of hallway closet | Box of ammunition, 13 300 Blackout, and one 12 gauge |

Verified Complaint for Forfeiture *in Rem* - 22
*United States v. Real Property in Kent, Washington.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Behind a dresser in the office | Mossberg 12 gauge shotgun; and Daniel Defense MFR XL 6.0, loaded with one round in the chamber, and with a magazine containing four rounds |
|---|---|
| Yellow and black bag in the office | One magazine with 13 rounds and one loose round |
| Safe in downstairs living room | Two rounds of 40 caliber Smith & Wesson ammunition |
| Brown bag on tall dresser of bedroom | One empty magazine |
| Luggage in shipping container | Diamondback Firearms, LLC gun, with one round in the chamber; and BearCreek Arsenal gun |
| Black gun box in shipping container | Ruger Model 10/22 rifle; and Aero Precision LLC, Model M4E1 rifle, with 19 rounds and four assorted magazines |
| Cardboard box in shipping container | Four boxes of 7.62 x 39 mm ammunition |
| Audi (VIN WA1VAAF72JD028237), parked in the front driveway at the Defendant Property | Glock 23 Gen 4 handgun, loaded with one magazine with 12 rounds of ammunition inside, in driver's side door pocket |

57. Traffickers often maintain weapons, including guns, ammunition, and body armor, in secure locations such as their residences and vehicles, in order to protect their drugs and drug proceeds.

58. During the search of the Defendant Property, investigators found numerous dominion and control documents in the names of Matelita Jackson, Mandel Jackson, and other Jackson family members. Among these documents were document in the name of Matelita Patu (Matelita's previous last name) (Chase Bank), Marty Jackson, and Matelita A. Jackson (M&T Bank). Investigators also found a vehicle sales agreement in the name

Verified Complaint for Forfeiture *in Rem* - 23
*United States v. Real Property in Kent, Washington.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of Mandel Jackson, a Capital One mailing in the name of Mandel Jackson, prison correspondence addressed to Marquis Jackson, and mail addressed to Miracle Patu-Jackson (Matelita Jackson's daughter).

59.      Mandel Jackson, Matelita Jackson, D.R., and R.B. do not have valid Washington State licenses to grow, process, or sell marijuana. Additionally, there is no license for a cooperative marijuana grow at the Defendant Property.

60.      During the search of the property, investigators found a "Washington State Medical Marijuana Recognition Card," with an effective date of April 14, 2023, and an expiration date of April 14, 2024, in the name of D.R. Per the card, D.R. had a plant limit of 15 plants. As discussed above, investigators found almost 50 marijuana plants as well as quantities of processed marijuana, in the Defendant Property. The amount of marijuana seized from the Defendant Property is consistent with distribution quantities, not personal use.

## VII.   CLAIM FOR RELIEF

61.      As required by Supplemental Rule G(2)(f), the facts set forth in this Verified Complaint support a reasonable belief that the United States will be able to meet its burden of proof at trial. More specifically, there is probable cause to believe that the Defendant Property is forfeitable pursuant to 21 U.S.C. § 881(a)(7) as facilitating the illegal manufacture of, and possession with intent to distribute, marijuana, and conspiracy to commit these offenses.

//

//

//

Verified Complaint for Forfeiture *in Rem* - 24
*United States v. Real Property in Kent, Washington.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    WHEREFORE, the United States respectfully requests:

2    1.    That due notice be given to all interested parties to appear and show cause

3        why the Defendant Property should not be forfeited;

4    2.    That the Defendant Property be forfeited to the United States for

5        disposition according to law; and,

6    3.    For such other and further relief as this Court may deem just and proper.

7

8    DATED this 1st day of November, 2024.

9

10                        Respectfully submitted,

11                        TESSA M. GORMAN
                         United States Attorney

12

13                        s/Karyn S. Johnson

14                        KARYN S. JOHNSON
                         Assistant United States Attorney

15                        United States Attorney's Office

16                        700 Stewart Street, Suite 5220
                         Seattle, WA  98101

17                        Phone: 206-553-2462

18                        Fax: 206-553-6934
                         Karyn.S.Johnson@usdoj.gov

19

20

21

22

23

24

25

26

27

Verified Complaint for Forfeiture *in Rem* - 25
*United States v. Real Property in Kent, Washington.*

1

## <u>VERIFICATION</u>

2        I, Shawna McCann, a Special Agent with the Federal Bureau of Investigation in

3    Seattle, Washington, furnished the investigative facts contained in the foregoing Verified

4    Complaint for Forfeiture *in Rem*. The investigative facts are based on personal

5    knowledge I obtained from my involvement in the underlying investigation, my review of

6    the relevant investigative material, other law enforcement officers involved in the

7    investigation, other reliable government sources, and my own training and experience.

8        I hereby verify and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746,

9    that I have read the foregoing Verified Complaint for Forfeiture *In Rem*, that I know its

10   contents, and that the facts it contains are true and correct to the best of my knowledge.

11

12

13        Executed this 1st day of November, 2024.

14

15

16   _____

17        SHAWNA MCCANN
         Special Agent
18        Federal Bureau of Investigation

19

20

21

22

23

24

25

26

27

Verified Complaint for Forfeiture *in Rem* - 26
*United States v. Real Property in Kent, Washington.*